92 U.S. 760
 23 L.Ed. 645
 MISSOURI, KANSAS, AND TEXAS RAILWAY COMPANY
v.
UNITED STATES.
 October Term, 1875
 
 NOTE.—Missouri, Kansas, and Texas Railway Company v. United States, appeal from the Circuit Court of the United States for the District of Kansas, is, in its essential features, the same as the preceding case,[1] and was argued by the same counsel.
 MR. JUSTICE DAVIS delivered the opinion of the court.
 
 
 1
 The decision in Leavenworth, Lawrence, and Galveston Railroad Company v. United States, supra, p. 733, controls this case. Each company claims a grant of land within the Osage reservation. This case involves substantially the same questions as the other; with this difference, that the act of July 25, 1866 (14 Stat. 289), under which the appellant claims, was passed after the amendment had been advised by the senate, and the treaty was beyond its control.
 
 
 2
 In any aspect of this case, the appellant cannot recover. The amendment refers only to existing laws, and does not apply to the act of 1866, as it was not then in force. It is true that the bill, which subsequently became a law, was pending at the same time as the treaty; but if the senate intended the amendment to apply not only to existing but to contemplated grants, language appropriate to such a purpose would have been used. This remark applies to Congress also; for if it meant, notwithstanding the provisions of the treaty, to grant these lands, words would have been employed to include them, or at least take them out of the proviso. But the result is the same, whether the act is to be treated as taking effect before or after the treaty became operative by the proclamation of the President on the 21st of January, 1867. If it was in force for all purposes on the day it passed, then the Indian title even was not extinguished, as the treaty had not been ratified. But if it be considered as in any sense taking effect after the ratification, then the claim of the appellant is defeated by the terms of the treaty. These lands, having been thereby set apart to be surveyed and sold for the benefit of the Indians, were 'otherwise appropriated,' as much as they had been before the treaty was concluded, and were consequently reserved within the meaning of the excepting clause in the act.
 
 
 3
 Decree affirmed.
 
 
 4
 MR. JUSTICE SWAYNE, MR. JUSTICE FIELD, and MR. JUSTICE STRONG dissented.
 
 
 
 [1]
 92 U.S. 733